IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOLLY KOLIOPOULOS, ) | Civ. No. 08-00567 ACK-LEK |
| ) | Cr. No. 05-00106-2 ACK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

### ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Holly Koliopoulos ("Petitioner") moves this Court to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Court finds that Petitioner is not entitled to relief and DENIES her § 2255 petition.

### BACKGROUND

In the Second Superseding Indictment ("Indictment") returned by a federal grand jury on July 13, 2006, Petitioner was charged with the following counts:

(1) knowingly and intentionally attempting to possess iodine, a listed chemical, knowing, or having reasonable cause to believe, that the iodine would be used to manufacture a controlled substance, and committing an overt act that was a substantial step towards possessing the iodine; all in violation of 21 U.S.C. §§ 846 and 841(c)(2); and

(2) knowingly and intentionally conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).[1]

On August 31, 2006, a jury returned a guilty verdict for Petitioner on both counts.  On December 11, 2006, this Court sentenced Petitioner to 120 months of imprisonment as to both counts (to run concurrently), followed by 3 years of supervised release as to Count 1, and 5 years of supervised release as to Count 2 (to run concurrently).

On December 18, 2006, Petitioner appealed her conviction to the Court of Appeals for the Ninth Circuit.  See United States v. Koliopoulos, No. 07-10039, 256 Fed. Appx. 942 (9th Cir. Nov. 27, 2007).  On November 27, 2007, the Ninth Circuit affirmed Petitioner's conviction, finding sufficient evidence to support the conviction.  Id.  On December 10, 2007, Petitioner filed a petition for panel rehearing, which was denied by the Ninth Circuit on December 19, 2007.

On December 11, 2008, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. § 2255 ("Petition").  The Government filed a Response on January 13, 2009 ("Government Response"), attaching copies of:

---

[1] The Second Superseding Indictment was returned against Petitioner and one other Defendant, Arthur Hidano.  Defendant Hidano was only charged in Count 2 of the Indictment.  See Indictment, Government Response Ex. A.

2

the Indictment ("Ex. A"), the transcript of Petitioner's sentencing ("Ex. B"), the final judgment entered by this Court ("Ex. C"), and the Ninth Circuit's judgment and memorandum opinion affirming Petitioner's conviction ("Ex. D"). Petitioner then filed a Response on February 2, 2009 ("Petitioner's Response").

## STANDARD

Pursuant to Section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a motion under Section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing."  Id.  In short,

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.  A hearing must be granted unless the movant's allegations, when viewed

>against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); see also United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility is at issue, no evidentiary hearing is required if it can be "'conclusively decided on the basis of documentary testimony and evidence in the record.'" Shah, 878 F.2d at 1159 (quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)). In addition, judges may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record. Shah, 878 F.2d at 1159. "Judges may also use common sense." Id. The choice of method for handling a Section 2255 motion is left to the discretion of the district court. See id. (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Petitioner's arguments lack merit. Because the record conclusively shows that Petitioner is not entitled to relief, a hearing is not warranted in this case.

4

**DISCUSSION**

**I.  The Petition is Timely**

A motion to vacate a sentence under 28 U.S.C. § 2255 has a one year period of limitation.  See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.").  The one year limitation period runs from the latest of:

> (1) <u>the date on which the judgment of conviction becomes final</u>;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

The limitations period for the instant Petition runs from the date the judgment of conviction became final (pursuant to subsection (1)) because Petitioner <u>does not</u> allege that the government created an impediment to her making the instant motion (pursuant to subsection (2)), that the U.S. Supreme Court recognized a new right (pursuant to subsection (3)), or that the facts supporting the claim were only discovered within a year of filing the Petition (pursuant to subsection (4)).

5

Under subsection (1), the date on which the judgment of conviction becomes final is governed by whether a petitioner appeals her conviction and sentence.  Where a petitioner pursues a direct appeal to the Ninth Circuit but does not file a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the time for filing such a petition elapses.  See Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000).  Here, Petitioner made a direct appeal to the Ninth Circuit, which affirmed Petitioner's conviction in an order issued on November 27, 2007.  See United States v. Koliopoulos, No. 07-10039, 256 Fed. Appx. 942 (9th Cir. Nov. 27, 2007).  Petitioner then filed a petition for panel rehearing, which was denied on December 19, 2007.  Since Petitioner did not file a petition for a writ of certiorari with the U.S. Supreme Court, her conviction became final on approximately March 18, 2008 - the date her right to petition for a writ of certiorari lapsed, pursuant to Sup. Ct. R. 13.[2]  See Garcia, 210 F.3d at 1060.  Petitioner filed the instant Petition on December 11, 2008, less than nine months after the judgment of conviction became final.  Thus, the

---

[2] The ninety day period to petition for writ of certiorari began to run on December 19, 2007, the date that the Ninth Circuit denied the petition for panel rehearing.  See Sup. Ct. R. 13.3 ("if a petition for rehearing is timely filed in the lower court by any party, . . ., the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing").

Petition was filed well within the one-year statute of limitations.  28 U.S.C. § 2255.  However, for the reasons discussed below, the Petition lacks merit and is denied.

**II. Petitioner is Precluded from Challenging Her Sentence in this Petition Because She Did Not Raise the Sentencing Issue on Direct Appeal**.

Petitioner contends that this Court should reduce her sentence to "a more appropriate sentence . . . of 87 months." Petitioner's Response at 2; see Petition at 3.  Petitioner argues that the Court was not bound by the statutory mandatory minimum sentence that the Court ultimately approved.  Further, Petitioner argues that the Court erred in attributing to Petitioner a drug quantity beyond what was appropriate.[3/]  Petition at 3-4.

---

[3/] The Court found Petitioner responsible for 147 grams of methamphetamine.  Transcript of Sentencing, Government Response Ex. B at 7.  In determining a drug quantity that a convicted conspirator is responsible for, "the court must find the quantity of drugs that either (1) fell within the scope of the defendant's agreement with his coconspirators or (2) was reasonably foreseeable to the defendant." United States v. Banuelos, 322 F.3d 700, 704 (9th Cir. 2003); cf. United States v. McCaleb, 552 F.3d 1053, 1059-60 (9th Cir. 2009) (upholding the reasonably foreseeable test in determining drug quantity generally, but holding that drug quantity need not be reasonably foreseeable where a Defendant possessed the drugs (or precursor chemicals to manufacture drugs) himself).

At Petitioner's sentencing, the Court found that the quantity of 147 grams of methamphetamine "was reasonably foreseeable to the defendant, and was in furtherance of the conspiracy she participated in." Transcript of Sentencing, Government Response Ex. B at 7.  This determination may have been more than was necessary, given that Petitioner was convicted of knowingly possessing iodine, a precursor chemical to manufacture methamphetamine, and also knowing that the iodine would be used to make a controlled substance.  See McCaleb, 552 F.3d at 1059-60 (holding that no reasonably foreseeable test is required where a

7

However, this Petition is the first time that Petitioner has raised this sentencing challenge, and thus this Court may not address it.[4/]

"[A] § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996). Although she surely could have done so, Petitioner did not raise on appeal any issue as to the appropriateness of her sentence.

In Petitioner's direct appeal with the Ninth Circuit, she raised three issues: (1) that the district court erred in not suppressing her post-Miranda statements, (2) that there was insufficient evidence for a reasonable jury to find that

---

conspirator Defendant was convicted of possessing precursor chemicals knowing that they would be used to make illegal drugs).

[4/] Petitioner raises no constitutional basis for a reduction of her sentence. The lack of any constitutional basis for her sentencing challenge, coupled with the fact that such challenge was never raised on appeal, automatically precludes Petitioner from raising that challenge here under § 2255. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (holding that "sentencing errors that were not raised on appeal and that do not implicate constitutional concerns are waived, without any opportunity to be saved by a showing of cause and prejudice," while also recognizing that "[a]lleged constitutional violations are treated differently"). This blanket rule applies regardless of whether the alleged sentencing error is based on a factual dispute in applying the guidelines, or if it is based on a simple mechanical error in computation. See id. (making no distinction among nonconstitutional sentencing challenges). Because Petitioner is raising a nonconstitutional sentencing challenge, Petitioner was required to raise it on appeal or waive it. Petitioner has waived her sentencing challenge here.

Petitioner knowingly and intentionally attempted to possess iodine, and (3) that if there was sufficient evidence as to (2), there was still insufficient evidence that Petitioner knew, or had reason to know, that iodine was a chemical necessary for the manufacture of methamphetamine.  Defendant-Appellant's Opening Brief at 19-20, United States v. Koliopoulos, No. 07-10039 (9th Cir. April 4, 2007).  None of these arguments on appeal challenged the length or appropriateness of Petitioner's sentence.  Therefore, this Court may not address Petitioner's sentencing argument, raised for the first time here, because "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255."[5]  United States v. Schlesinger, 49

---

[5] Even if the Court were to address Petitioner's sentencing challenge, the Court would still deny the Petition.  Petitioner was sentenced to the statutory mandatory minimum period.  Despite the Court's determination that Petitioner fell within the sentencing guideline range of 87-102 months, the Court was bound to sentence Petitioner to the statutory mandatory minimum of 120 months.  See Transcript of Sentencing, Government Response Ex. B at 18-19.  "'Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.'"  United States v. VanDoren, 182 F.3d 1077, 1083 (9th Cir. 1999) (quoting U.S. Sentencing Guidelines Manual § 5G1.1(b)).  Therefore, a "district court does not have the discretion to consider mitigating factors and cannot apply the downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress."  VanDoren, 182 F.3d at 1083.  In fact, at Petitioner's sentencing, Petitioner's counsel agreed that the Court was "bound by federal law, and so the proposed sentence, unfortunately, will have to be 120 months."  Transcript of Sentencing, Government Response Ex. B at 19.  Petitioner argues that the Court should adjust her sentence

F.3d 483, 485 (9th Cir. 1994); accord McMullen, 98 F.3d at 1157; see Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963) ("The rule is clear that a 2255 proceeding is not a substitute for an appeal; that a sentence may not be collaterally attacked for errors of law at the trial which could have been corrected on appeal.").

### III. Petitioner May Not Challenge the Sufficiency of the Evidence for Her Conviction in this § 2255 Petition.

Outside of the appropriateness of her sentence, Petitioner also argues that there was insufficient evidence to support the jury's guilty verdict. See Petition at 1 ("Petitioner challenges the sufficiency of the evidence to sustain a conviction."). Specifically, Petitioner contends that "there was no evidence presented that would prove that she knowingly atte[m]pted to possess Iodine and asks that this Court

---

to coincide with the Court's determination of her offense level under the sentencing guidelines. However, this issue was addressed and decided at Petitioner's sentencing, and the state of the law remains the same. See Transcript of Sentencing, Government Response Ex. B at 22-23 ("The Court has found that, under the guidelines, you face a range of imprisonment of 87-102 months, however, that is trumped by the statutory minimum of 120 months.").

It was the jury who found Defendant guilty of conspiring to manufacture 50 grams or more of methamphetamine, which carried with it a minimum mandatory sentence of 10 years. Although the Court may adjust its determination of offense level under the guidelines, the Court may not reduce Petitioner's ultimate sentence below the mandatory minimum. Thus, any argument for a change in the Court's determination under the guidelines could not benefit Petitioner in any way, as the Court would be bound by the statutory minimum regardless.

vacate her conviction." Petition at 2. This argument mirrors Petitioner's second issue raised on direct appeal with the Ninth Circuit. Defendant-Appellant's Opening Brief at 19-20, United States v. Koliopoulos, No. 07-10039 (9th Cir. April 4, 2007) ("[T]here was no evidence Koliopoulos knew the Package originally contained the Iodine. Therefore, a reasonable jury could not have found beyond a reasonable doubt that Koliopoulos knowingly and intentionally attempted to possess the Iodine.").

In its memorandum opinion, however, the Ninth Circuit rejected Petitioner's arguments, holding that "[t]he evidence is sufficient to establish that Koliopoulos was aware that the package contained iodine and that she knew or had reasonable cause to believe that the iodine would be used to manufacture methamphetamine." United States v. Koliopoulos, No. 07-10039, 256 Fed. Appx. 942, 943 (9th Cir. Nov. 27, 2007). Because the Ninth Circuit has already addressed the exact argument that Petitioner raises again in the instant Petition, the Government argues that principles of res judicata preclude this Court from addressing the same issue here. The Court disagrees with the Government in part, but holds that a sufficiency of the evidence argument is nevertheless improper in a § 2255 petition, particularly where the merits of such an argument were clearly decided on direct appeal.

11

"[Section] 2255 is a well-established exception to the principles of res judicata." Walter v. United States, 969 F.2d 814, 816 (9th Cir. 1992); see Schlup v. Delo, 513 U.S. 298, 320 (1995) ("[T]he equitable nature of habeas corpus [] preclude[s] [the] application of strict rules of res judicata."). Thus, Petitioner is not automatically precluded by res judicata from raising her sufficiency of the evidence argument here. However, because the exact same argument was rejected by the Ninth Circuit on Petitioner's direct appeal, Petitioner may not properly argue this issue again in her § 2255 Petition. "[P]ostconviction review of any sort is not needed or available as to claims previously rejected on their merits on direct appeal." 2-41 Federal Habeas Corpus Practice and Procedure § 41.7(e) (5th ed. 2005); Reed v. Farley, 512 U.S. 339, 358 (1994) (Scalia, J., concurring in part and concurring in the judgment) ("[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review."); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (holding that because the petitioner raised the same claim on appeal, and the claim was rejected, "this claim cannot be the basis of a § 2255 motion"); Egger v United States, 509 F.2d 745, 748 (9th Cir. 1975) ("Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255.").

Moreover, a sufficiency of the evidence argument may not be appropriate at all in a § 2255 petition.  The appropriate remedy for such an argument is on direct appeal alone and not in a § 2255 Petition.  See Brule v. United States, 240 F.2d 589, 589 (9th Cir. 1957) (holding that the appropriate remedy for raising a sufficiency of the evidence argument is on direct appeal, and further holding that "[a] motion under Section 2255, and an appeal therefrom, cannot be used to raise [a sufficiency of the evidence] issue."); United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc), cert. denied, 396 U.S. 1015 (1970) ("[W]e have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding.").  As noted above, Petitioner did in fact challenge the sufficiency of the evidence on direct appeal with the Ninth Circuit and lost on that specific issue.  That direct appeal was the appropriate remedy to challenge the sufficiency of the evidence for conviction.  Petitioner could have appealed the Ninth Circuit's decision further to the Supreme Court; however, Petitioner did not do so.  Accordingly, this Court may not address Petitioner's sufficiency of the evidence argument because the same argument was specifically addressed and rejected by the Court of Appeals for the Ninth Circuit.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's § 2255 motion to vacate, set aside, or correct the sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 2, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Koliopoulos v. United States, Civ. No. 08-00567 ACK-LEK, Cr. No. 05-00106-2 ACK, Order Denying Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.